IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL SCHEUERMAN *

    Plaintiff *

      v. * Civil Action No. DKC-10-674

KATHLEEN GREEN and *
KRISTA BOZMAN
                                    *

    Defendants
                                   ***

## MEMORANDUM OPINION

Pending is Defendants' Response to Show Cause why Plaintiff's request for injunctive relief should not be granted. Paper No. 6. Plaintiff has filed a Reply to Defendants' Response, and the matter is ripe for this court's review. Paper No. 7.

Plaintiff alleges that he was informed by Krista Bozman, his case management counselor, that he was going to be removed from protective custody. Paper No. 1. In previous litigation before the undersigned, Defendants admitted that Plaintiff faces an unreasonable risk of harm in general population and it is for that reason that he is scheduled to be transferred to a prison in another state under the Interstate Corrections Compact (ICC). *See Scheuerman v. Bozman*, Civil Action No. DKC-09-1386 (D. Md. 2010).

Defendants submit an affidavit from Bozman stating that she never recommended Plaintiff's removal from protective custody, the Warden has never approved his removal, Plaintiff remains housed on protective custody, and he will not be removed from that status while he is in the custody of the Division of Correction (DOC). Paper No. 6 at Ex. 1. Bozman further states that Plaintiff is on the ICC transfer list and Maryland DOC does not have the authority to control his housing assignments once he is transferred to another state's facility. *Id*. It is the

latter statement with which Plaintiff takes issue.[1]  He asserts that after he is transferred to another state Maryland still remains responsible for his life and his safety.  Paper No. 7.  He states Maryland caused his life, and the life of his family, to be endangered[2] and must remain accountable for his safety even after he is transferred.  *Id*.  Thus, Plaintiff seeks an order from this court requiring his confinement to protective custody in every prison where he is confined.  *Id.*

Because a preliminary injunction affords an extraordinary pre-trial remedy that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).[3]

Plaintiff asks this court to presume, as he does, that anywhere he is transferred a death threat will follow.  It is premature to consider any such request.  As Plaintiff is not yet in another state facing the imminent threat of harm he predicts will occur, this court cannot issue an order requiring his future jailors to house him accordingly.  In addition, this court would not be the proper forum for any future claim against an as-yet-undetermined Defendant in another state.

---

[1] Plaintiff does not dispute that he is currently assigned to protective custody and he does not assert there are plans to remove him from that housing status while he is in Maryland.

[2] Plaintiff explains that he as an FBI informant he cooperated with the gang task force regarding "the movements of his gang across this nation and now that his cover has been blown, his life is in danger and that is not in dispute."  Paper No. 6 at Ex. 1.

[3] The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief.  *See Real Truth About Obama, Inc. v. Federal Election Com'n,*  575 F. 3d 342 (4th Cir. 2009).

In short, Plaintiff has failed to show he is likely to succeed at trial on the merits of this claim because it is not ripe and the extraordinary remedy sought must be denied. A separate Order follows.


Date:  June 22, 2010             _____/s/_____
                                 DEBORAH K. CHASANOW
                                 United States District Judge